MERRIMAN S. SMITH. Judge.
The Berkeley Printing U Publishing Company, a corporation doing business in Martinsburg. Berkeley countv. West Virginia, was requested to publish notices to redeem from sale to the public land corporation, during the months of January, February and March of INI by William D. Morton, clerk of the circuit court ol Berkeley county. West Virginia, and (diaries A. Gain, deputy commissioner for forfeited and delinquent lands lor the county of Berkeley. West Virginia. The said publishing company advertised these redemption notices as prescribed by the 1(M1 Acts of the Legislature, chap. 117, art. 4. sec. V) W L8. and rendered two stotemen's. the one for 8 certification numbers in the amount ot $144 00: the other for 8 certification nutnbeis in the amount ol $U8 00. making a total ol S4O.I.00
On March JO. llUL the Supreme Court ot Appeals ol West Virginia, in lie case of Sims, Auditor, et als v. Fisher, Judge, 125 W. Va. 512, 25 S E.(2d) 216, decl.ncd a pan of the I 441 Act ol the 1 egislature insolar as it icquiies pertormancc *232 of administrative duties by circuit courts in connection with sale of lands for the benefit of school funds to be unconstitutional. As a result of this decision the payment of the obligation of $462.00 to the claimant has not been made and is still due and unpaid.
When a publishing company, acting in good faith, publishes legal notices contracted, for by constitutional authority, as prescribed by statute, it becomes a just obligation and the fact that a part of the statute is declared unconstitutional at a later date is not sufficient reason for nonpayment of an honest debt. The integrity and credit of the state of West Virginia should be beyond question at all times and common right and justice demand that its creditors should have no fear that such obligations will not be honored so long as it is a sovereign state.
The failure to pay the state’s just obligations because of a technicality arising from the subsequent declaration of the law under which the obligation was created as unconstitutional would be a blot upon the escutcheon of the public policy and character of the state and a condition might arise whereby its prospective creditors would demand cash payment before the performance of the contract for fear that the statute under which it was authorized might be declared unconstitutional and payment be denied only by virtue of such technicality.
This court recommends an award in the amount of four hundred and sixty-two dollars ($462.00) to claimant, the Berkeley Printing and Publishing Company, a corporation, of Martinsburg, West Virginia.